UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ARCHIE ROBINSON, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:12CV417-PPS |
|  | ) |  |
| MARVA LEONARD-DENT, RAPHAEL MORTON, GLADYS MUHAMMED, ROBERT TOOTHAKER, EARL HAIRSTON, SHARON MCDONALD, DAVE FLECKNER, GEORGE BYERS, and HOUSING AUTHORITY OF SOUTH BEND, | ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

On October 18, I entered a lengthy opinion and order ruling on separate motions to dismiss plaintiff Archie Robinson's fifteen-count complaint. [DE 73.] The order granted the motions to dismiss as to Counts II through XV. The order denied the motions to dismiss as to Count I of Robinson's second amended complaint, which I identified as asserting claims of gender discrimination and retaliation in violation of the Equal Protection Clause actionable under 42 U.S.C. §1983. Subsequently the Housing Authority defendants have filed a Motion to Alter the Judgment [DE 74] pointing out that "there is no cognizable claim for retaliation under the Equal Protection Claim as a matter of law" so that the portion of Count I asserting a claim for retaliation should also be dismissed. [DE 74 at 1.]

The HASB defendants acknowledge that they made no such argument in their motion to dismiss, but explain that they failed to do so based on their reading of the second amended

complaint as having abandoned the retaliation claim in its pleading of Count I. [*Id.* at 2.] The October 18 order observed:

> Count I also includes allegations that after Robinson complained about Dent's harassment, a retaliatory investigation was begun into his compliance with the Davis-Bacon Act, which was pretextually used to preclude him from bidding for additional contracts with HASB. This sounds like a distinct theory of discrimination in the form of retaliation.

[DE 73 at 3.]

Whether or not Robinson intended to abandon the retaliation claim in the second amended complaint, he does not defend it now. He has filed no opposition to the Motion to Alter the Judgment, which appears to be well taken. The Seventh Circuit has clearly stated: "[T]he right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the equal protection clause." *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004). *See also Grossbaum v. Indianapolis-Marion County Bldg. Authority,* 100 F.3d 1287, 1296 n.8 (7th Cir. 1996). "[The] right to be free from retaliation for protesting sexual harassment and sex discrimination is a right created by Title VII, not the equal protection clause. ... Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for violations of rights created by Title VII." *Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir. 1989).

Because no claim for retaliation is supported by the Equal Protection Clause, Robinson has no viable retaliation claim under §1983. The instant motion was styled as a Motion to Alter the Judgment, but no judgment has been entered to this point, given that the litigation continues with respect to Count I's gender discrimination claim. The unopposed motion will be granted, and I will simply order (as I have already done with respect to Counts II through XV) that any retaliation claim asserted in Count I is dismissed.

ACCORDINGLY:

Defendants' Motion to Alter the Judgment [DE 74] is GRANTED as follows.

To the extent Count I of the second amended complaint asserts a claim for retaliation, it is dismissed for failure to state a claim.

**SO ORDERED**.

ENTERED: November 21, 2013

    s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT